UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KIRK NIELSEN, *et al.*,
    *Plaintiffs*,

CASE NO: 4:20-cv-00236-RH-GRJ

v.

RON DESANTIS, in his official capacity
as Florida Governor, *et al.*,
    *Defendants*.
_____/

## STATE DEFENDANTS' MOTION TO CONSOLIDATE

Defendants, Florida Governor Ron DeSantis and Secretary of State Laurel M. Lee ("State Defendants"), pursuant to Federal Rule of Civil Procedure 42(a), move to consolidate this action with the previously-filed *Williams v. DeSantis*, No.: 1:20-cv-00067-RH-GRJ (N.D. Fla.), and request assistance from the Court in discussing the alignment of deadlines and other matters to firm up the controversy at the Court's Rule 16 pretrial conference on May 22, 2020. *See Nielsen* (ECF No. 20). State Defendants are simultaneously filing a similar motion in Case No. 1:20-cv-00067-RH-GRJ.

## MEMORANDUM IN SUPPORT

The Court has discretion to consolidate actions that involve "common question[s] of law and fact." Fed. R. Civ. P. 42(a). Both this action and *Williams* challenge several Florida statutes governing vote-by-mail ballots under various

1

provisions of the federal constitution and Voting Rights Act, in light of the COVID-19 pandemic.  *Compare Nielsen* (ECF No. 1) (Complaint), *with Williams* (ECF No. 47) (Second Amended Complaint).  Substantially the same parties are involved in both actions as well.  Indeed, Plaintiffs in *Williams* recently moved for leave to add the 67 Supervisors of Election that are already Defendants here.  The *Nielsen* Plaintiffs even recognize the similarity of the actions, filing their Local Rule 5.6 Notice of Similar Case, which resulted in the Clerk reassigning this action to the Judge presiding over *Williams*.  Common questions of law and fact permeate both actions and therefore consolidation would further judicial economy.

Though the issues in both actions are similar, the deadlines are not.  The parties in *Williams* are preparing for a preliminary injunction hearing set for July[1] and are engaged in discovery, while the *Nielsen* Complaint was filed recently.  But the *Williams* Plaintiffs recently sought leave to amend their complaint once again (ECF No. 44), as well as the postponement of other deadlines in the case (ECF No. 45).  This second amendment is a continuation of the *Williams'* Plaintiffs' reshuffling of their claims and parties since the inception of the action.  Thus, although *Williams* predates *Nielsen*, the issues are no more crystalized there than

---

[1] The preliminary injunction hearing was originally set to be telephonic and held on July 28, but was recently changed to an in-person hearing in Gainesville and jury trial set for July 20.  *See Williams* (ECF No. 42).  The scheduling of a jury trial appears to be a clerical error, but the issue could be addressed at the May 22 pretrial conference.

2

here. *See Williams* (ECF No. 1) (targeting the March Presidential Preference Primary); (ECF No. 4) (seeking temporary restraining order ahead of election); (ECF No. 16) (renewing motion post-election); (ECF No. 17) (dismissal by Plaintiff Spillman); (ECF No. 35) (targeting August and November Elections); (ECF No. 37) (dismissal by Plaintiff Ray Winters); (ECF No. 38) (dismissal by Plaintiff Kathleen Winters); (ECF No. 44) (motion for leave to file Second Amended Complaint); (ECF No. 45) (requesting the extension of multiple deadlines).

Given the numerous and evolving claims, it seems the schedules, and perhaps even claims, in both actions can be aligned. State Defendants therefore request, to the extent the Court was not already intending, that matters relating to consolidation of the cases could be discussed during the Court's May 22 preliminary Rule 16 pretrial conference. *See Nielsen* (ECF No. 20).

Respectfully submitted on May 19, 2020.

| | |
|---|---|
| JOSEPH W. JACQUOT (FBN 189715)<br>General Counsel<br>joe.jacquot@eog.myflorida.com<br>NICHOLAS A. PRIMROSE (FBN 104804)<br>Deputy General Counsel<br>nicholas.primrose@eog.myflorida.com<br>JOSHUA PRATT (FBN 119347)<br>Assistant General Counsel<br>joshua.pratt@eog.myflorida.com<br>Executive Office of the Governor<br>400 S. Monroe St., PL-5<br>Tallahassee, FL 32399<br><br>***Counsel for Florida Governor Ron DeSantis*** | BRADLEY R. MCVAY (FBN 79034)<br>*General Counsel*<br>brad.mcvay@dos.myflorida.com<br>ASHLEY E. DAVIS (FBN 48032)<br>*Deputy General Counsel*<br>ashley.davis@dos.myflorida.com<br>Florida Department Of State<br>R.A. Gray Building Suite, 100<br>500 South Bronough Street<br>Tallahassee, Florida 32399-0250<br>Telephone: (850) 245-6536<br>Facsimile: (850) 245-6127<br><br>/s/ *Mohammad O. Jazil*<br>MOHAMMAD O. JAZIL (FBN 72556)<br>mjazil@hgslaw.com<br>GARY V. PERKO (FBN 855898)<br>gperko@hgslaw.com<br>EDWARD M. WENGER (FBN 85568)<br>ewenger@hgslaw.com<br>Hopping Green & Sams, P.A.<br>119 South Monroe Street, Suite 300<br>Tallahassee, Florida 32301<br>Phone: (850) 222-7500<br>Fax: (850) 224-8551<br><br>***Counsel for the Florida Secretary of State, Laurel M. Lee*** |

## NORTHERN DISTRICT OF FLORIDA
## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(B), Counsel for the Secretary consulted with counsel for the *Williams* Plaintiffs, who stated they will not oppose a motion to consolidate so long as it does not result in delaying the trial/hearing date and so long as, if the Court requires consolidated briefing, State Defendants would not oppose a corresponding extension of the relevant page limits. The undersigned communicated with counsel for the *Nielsen* Plaintiffs, who do not object to consolidation. The *Nielsen* Plaintiffs, however, request that if the cases are consolidated, that the *Nielsen* Plaintiffs be permitted to file briefs separately from the *Williams* Plaintiffs in connection with any preliminary injunction or summary judgment motions or pre- or post-trial briefs.

Though not required under Local Rule 7.1(B), counsel for the Secretary also alerted counsel for the Attorney General and Ronald Labasky, who is general counsel for the Florida Supervisors of Elections, Inc., regarding State Defendants' motion to consolidate.

## **LOCAL RULE 7.1(F) CERTIFICATION**

Pursuant to Local Rule 7.1(F), this Motion contains 533 words, excluding the case style, signature block, and any certificate of service.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on this 19th day of May 2020.

/s/ *Mohammad O. Jazil*

Attorney