**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

KIRK NIELSEN, et al.,

      Plaintiffs,

v.                              Case No. 4:20-cv-00236-RH-MJF

RON DESANTIS, in his official
capacity as Florida Governor, et al.,

      Defendants.

_____/

## <u>REPUBLICAN ORGANIZATIONS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE</u>

Proposed Intervenors Republican National Committee ("RNC"), the National Republican Congressional Committee ("NRCC"), and the Republican Party of Florida ("RPOF") are Republican Party Organizations representing candidates throughout the state of Florida (collectively, "Movants"), submit the Memorandum of Law herein in Support of their Motion to Intervene as Defendants in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure.

## SUMMARY OF ARGUMENT

The Court should allow Movants, the RNC, the NRCC, and the RPOF, to intervene as defendants in this case on two independent grounds.

***First***, Movants satisfy the criteria for intervention as of right under Rule 24(a)(2). Their motion is unquestionably timely—the amended complaint was filed

less than 24 hours ago, this litigation is still in its infancy, and no party will be prejudiced by intervention at this early stage. Movants also have a clear interest in this matter. Political parties have a recognized interest in asserting and protecting the rights of their members who are voters in upcoming elections and in protecting their own agendas and resources from changes to election laws. Finally, no other party adequately represents Movants' interests. Adequacy is not a demanding standard, and the other defendants do not share Movants' interests in conserving their resources and helping Republican candidates and voters.

*Second*, in the alternative, the Court should grant Movant's permissive intervention under Rule 24(b). Again, this motion is timely. Movants' defenses share common questions of law and fact with the existing parties, and intervention will result in no delay or prejudice. The Court's resolution of the important questions here will have significant implications for Movants and their members, as they work to ensure that Republican voters have the undeterred opportunity to participate in fair elections and they distribute their resources throughout the election season.

Whether under Rule 24(a) or (b), Movants should be allowed to intervene as defendants.

**INTERESTS OF PROPOSED INTERVENORS**

Movants are political committees that support Republicans in Florida. The RNC is a national committee as defined by 52 U.S.C. § 30101. It manages the Republican Party's business at the national level, supports Republican candidates for public office at all levels, coordinates fundraising and election strategy, and develops and promotes the national Republican platform. The RNC's membership consists of the Party Chair and National Committeeman and National Committeewoman for each state and territory, including the three representatives from Florida who are also individuals and registered voters in Florida.

The NRCC is the only organization dedicated solely to electing Republicans to the United States House of Representatives. The NRCC conducts fundraising and assists candidates with communication, strategy, and planning. The NRCC's membership consists of all of the elected Republican members of the House of Representatives, including the 14 Republican members of the House from Florida, all of whom are individuals and registered voters in Florida.

The RPOF is a Florida state political party committee recognized pursuant to state and federal law. *See* 11 C.F.R. 100.15; § 103.091, Fla. Stat. RPOF is the statewide organization representing Republican candidates at the state and local level and the more than 4.8 million Republican voters throughout the State of Florida. RPOF supports the election of duly nominated Republican candidates

through fundraising, voter registration, get-out-the-vote drives, and other campaign activities. RPOF is committed to a fair and open election process where every lawfully eligible person entitled to vote has the opportunity to cast a ballot and have that ballot counted properly. RPOF's membership includes a large state executive committee, all of whom are individuals and registered voters in Florida.

Movants regularly encourage voters to vote-by-mail ("VBM") in Florida.  In 2016, 1,108,503 registered Republicans voted by mail. Due to COVID-19 and the proactive steps taken by local Supervisors of Elections to encourage voters to request a VBM ballot, that number is expected to increase significantly. Movants have an interest in ensuring that VBM in Florida is conducted in a safe and secure manner and ensuring clear communication to Republican voters regarding the requirements associated with voting by mail.

Florida will have a Republican on the 2020 general election ballot for President of the United States and all 27 of Florida's congressional seats are up for election in 2020. In addition, 20 of the 40 Florida Senate seats are up for election in November and all 120 seats in the Florida House of Representatives are up for election with a Republican candidate running in most of those districts. Florida also will have numerous local races with Republicans on the ballot this year including for State Attorney, Public Defender, Board of County Commissioners, and various County Constitutional Offices. Because this case seeks preliminary

and permanent relief, this will impact elections occurring in Florida well beyond 2020.

Movants have interests—their own and those of their members—in how Florida elections are run and the way that VBM is offered.

## ARGUMENT

### I.   Movants Are Entitled to Intervene As of Right

Rule 24 is liberally construed with all doubts resolved in favor of the proposed intervenor. *E.g.*, *South Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). Under Rule 24(a)(2), this Court must grant intervention as of right if:

1.   The motion is timely;
2.   Movants have a legally protected interest in this action;
3.   This action may impair or impede that interest; and
4.   No existing party adequately represents Movants' interests.

*Chiles v. Thornburgh*, 856 F.2d 1197, 1213 (11th Cir. 1989). Movants satisfy each of these requirements.

### A.   *The motion is timely.*

The Court considers four factors in determining the timeliness of a motion to intervene: (1) the length of time that the parties knew or should have known of their interest in the case; (2) the extent of prejudice to the original parties; (3) the extent of prejudice to the intervenors if the motion is denied; and (4) any other unusual circumstances that would inform the Court's decision on a determination

of timeliness. *Brown v. Bush*, 194 F. App'x 879, 882 (11th Cir. 2006). These factors all indicate that Movants filed a timely motion.

Movants filed this motion quickly—just 17 days after the initial complaint was filed and less than 24 hours after the filing of the first amended complaint. Movants are unaware of *any* decision from *any* court holding that this timeframe is too late to intervene.

Movants' intervention will not prejudice the original parties. To date, no responsive pleadings have been filed nor has this Court decided any dispositive motions. Granting intervention at this stage will cause no delay or disruption to this litigation. But if Movants are not allowed to intervene, their interests in this case could be irreparably harmed by decisions that will affect the upcoming and all future elections in Florida. Finally, there exist no unusual circumstances that would counsel against this Court determining that Movants' motion is timely.

### B.      Movants have protected interests in this action.

Movants are Republican Party organizations that represent candidates and voters in every county in Florida. Therefore, Movants have a legally protectable interest in this litigation. *See Chiles*, 865 F.2d at 1213-14.

Movants have direct and significant interests in the continued enforcement of state laws governing the conduct of elections and the use of vote-by-mail ballots as those laws are designed to serve "the integrity of [the] election process," *Eu v.*

*San Francisco Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989), and the "orderly administration" of elections, *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 196 (2008). Federal courts routinely recognize that political parties have interests supporting intervention in litigation regarding elections and election procedures. *See, e.g.*, *Siegel v. LePore*, 234 F.3d 1163, 1169 n.1 (11th Cir. 2001); *Trinsey v. Pennsylvania*, 941 F.2d 224, 226 (3d Cir. 1991); *Anderson v. Babb*, 632 F.2d 300, 304 (4th Cir. 1980). Indeed, given their inherent and broad-based interest in elections, usually "[n]o one disputes" that a political party "meet[s] the impaired interest requirement for intervention as of right." *Citizens United v. Gessler*, 2014 WL 4549001, at *2 (D. Col. Sept. 15, 2014). That is certainly true where, as here, "changes in voting procedures could affect candidates running as Republicans and voters who [are] members of the . . . Republican Party." *Ohio Democratic Party v. Blackwell*, 2005 WL 8162665, at *2 (S.D. Ohio Aug. 26, 2005); *see id.* (under such circumstances "there is no dispute that the Ohio Republican Party had an interest in the subject matter of this case").

This Court has permitted Republican party organizations to intervene in numerous cases. *See, e.g.*, *Jacobson v. Detzner*, Case No. 4:18-cv-262, 2018 WL 10509488 (N.D. Fla. July 1, 2018) (ECF No. 36) (NRSC and RGA intervening); *Democratic Exec. Comm. of Fla. v. Detzner*, Case No. 4:18-cv-520 (N.D. Fla. Nov. 9, 2018) (ECF No. 20) (NRSC intervening); *VoteVets Action Fund v. Detzner*,

Case No. 4:18-cv-524 (N.D. Fla. Nov. 11, 2018) (ECF No. 16) (NRSC intervening).

In short, because Movants' candidates "actively seek [election or] reelection in contests governed by the challenged rules," and because their members' ability to participate in those elections is governed by those challenged rules, Movants have an interest in "demand[ing] adherence to those requirements." *Shays v. FEC*, 414 F.3d 76, 88 (D.C. Cir. 2005).

### C.     *This action threatens to impair Movants' interests.*

In this Circuit, Movants "must be at least real parties in interest in the transaction which is the subject of the proceeding." *Chiles*, 865 F.2d at 1213-14 (internal quotations and alterations omitted). However, the "inquiry is a flexible one, which focuses on the particular facts and circumstances surrounding each motion for intervention." *Id.* at 1214 (internal quotations and alterations omitted). Consequently, "[i]n cases challenging various statutory schemes as unconstitutional . . ., the courts have recognized that the interests of those who are governed by those schemes are sufficient to support intervention." *Id.* (internal quotations omitted). In this case, Movants are "real parties in interest" precisely because it is their candidate members "who are governed" by the election laws of Florida. *See id.*

If Plaintiffs' action succeeds, then the rules surrounding VBM ballots could

be upended in a matter of months shortly before the 2020 election. Not only would this undercut democratically enacted laws that protect voters and candidates (including Movants' members), it would change the "structur[e] of the[e] competitive environment" and "fundamentally alter the environment in which [Movants] defend their concrete interests (e.g. their interest in . . . winning [election or] reelection)." *Shays*, 414 F.3d at 85-86. The changes requested by Plaintiffs also threaten to confuse voters and undermine confidence in the electoral process. *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006). In addition, any judicially crafted change to the status quo regarding the conduct of elections will force Movants' member candidates to expend time and resources educating voters about the new way in which to vote by mail.

Finally, any *stare decisis* effect of an adverse ruling will negatively impact Movants' ability to protect its future interests. *See Chiles*, 865 F.2d at 1214. This proceeding may be the *only* time Movants can litigate Plaintiffs' claims. If not permitted to intervene, Movants will be barred from having the ability to assert their rights and interests in this litigation. Furthermore, a ruling here could have repercussions throughout the Eleventh Circuit, potentially impacting Movants' members in those states. *Cf. Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004 (holding that the "persuasive effects" of one court's opinion on other courts can be significant and thus warrant intervention). The result will be that

Movants will be in a worse position vis-à-vis their rights if not permitted to intervene in this litigation. Therefore, Movants have multiple significant interests which will be impaired should intervention not be granted.

### D.   *The existing parties do not adequately represent Movants' interests.*

The final criteria in the intervention as of right analysis is the inadequacy of the current parties' representation. The relevant standard is not that the parties must be adverse in every respect but rather it is that the other parties' representation "may be" inadequate. *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538, n.10 (1972). The Supreme Court and the Eleventh Circuit have emphasized that a movants burden in showing inadequacy is "minimal." *See id.*; *Clark*, 168 F.3d at 461.

Plaintiffs' are generally adverse to Movants' interests politically and are specifically adverse to the current VBM statutes that Movants wish to defend. And the existing Defendants do not adequately represent the same interests as Movants.

The Florida Secretary of State is not an elected position in Florida. Rather, the Secretary is appointed by the Governor and serves at his pleasure. The Secretary of State is the chief elections officer of the state with the responsibility to "obtain and maintain uniformity in the interpretation and implementation of the election laws." § 97.012(1), Fla. Stat. In their official capacities, the Secretary of State and Governors' interests are in the faithful execution of the laws. Art. IV, §

1(a), Fla. Const. ("The governor shall take care that the laws be faithfully executed . . . .").

The Attorney General is a statewide elected official and the Chief Legal Officer of the State, but her constitutional and statutory duties do not include overseeing elections.

The Florida Elections Canvassing Commission consists of the Governor and two members of the Cabinet selected by the Governor, whose sole duty is to certify the election results in Florida and to issue certificates. *See* §§ 102.111, 102.121, Fla. Stat.

Florida's 67 Supervisors of Elections are all independently elected and charged with the non-partisan conduct of elections in their counties. Like the Secretary of State, their interests are to prioritize the technical administration of elections, whereas the Movants have a specific interest in maintaining the status quo of the lawfully enacted VBM statutes. These differences further prove that the representation of Movants' interests not only "may be" inadequate, *see Clark*, 168 F.3d at 461, but will *in fact* be inadequate.

For each of these reasons, the Movants interests are not, and certainly "may not," be adequately represented by the current named Defendants.

## II.    Alternatively, Movants Are Entitled to Permissive Intervention

Alternatively, pursuant to Federal Rule of Civil Procedure 24(b), this Court

11

should permit Applicants to intervene. Rule 24(b) provides for permissive intervention where a party timely files a motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Intervention under Rule 24(b) is a discretionary power left to the judgment of the district court. *See Chiles,* 865 F.2d at 1213. In exercising its broad discretion under this Rule, the Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

Because the Amended Complaint was filed less than twenty-four hours ago and no defendant has filed a responsive pleading nor have significant actions been taken by the parties or the Court, the requested intervention will not unduly delay or prejudice any party. For the same reasons outlined above, Movants have demonstrated their right to intervene in this matter. Movants have filed their Motion early in the litigation, prior to any action on the merits by the Court. Applicants also possess claims and defenses in line with the VBM statutes, given that Movants will be directly and irrevocably impacted by any change to existing law.

Disallowing Movants to intervene could prejudice their interests and rights. This case asks this Court to upend long-standing statutes and regulations tied to VBM in the state—doing so without the input of the parties who stand to be most

directly harmed by a change in existing law would be inefficient and unjust. The only way to protect the fairness of the litigation and lend credibility and finality to the Court's decision on the merits is to permit Movants to intervene.

## III.   Proposed Intervenors' Position on Merits

In order to satisfy the requirement of *Piambino v. Bailey*, 757 F.2d 1112, 1121 (11th Cir. 1985), Movants state that a forthcoming Motion to Dismiss—should they permitted to intervene—will assert that Plaintiffs' action should be dismissed for a number of reasons including a failure to state a claim for which relief can granted and lack of standing. In support, Movants will rely on cases such as *Rucho v. Common Cause*, *Gill v. Whitford*, and *Jacobson v. Florida Secretary of State*.

On the merits, Movants assert that they will oppose the claims for relief that relate to the extension of mail ballot deadlines and the prohibition on payment for ballot harvesting.[1] On the VBM ballot deadlines and prohibitions on ballot harvesting, the cases Movants will reply upon, but not be limited to, are the well-known *Anderson/Burdick* line of cases—*VoteVets Action Fund v. Detzner*, Case No. 4:18-cv-524, Slip. Op. at 2 (N.D. Fla. Nov. 16, 2018), (ECF No. 56)[2];

---

[1] Movants take no position on the merits of the pre-paid postage claim, other than to assert that should the State and local defendants choose not to pre-pay postage that such a policy choice does not amount to a poll tax.

[2] In *VoteVets*, Judge Walker concluded: "The legal questions are two-fold: (1) whether the requirement domestic vote-by-mail ballots must be received by the

*Coalition for Good Governance v. Raffensperger*, Case No. 1:20-cv-1677, Slip.

Op. at 7-11 (N.D. Ga. May 14, 2020) (ECF No. 43), and *Marks v. Stinson*, 19

F.3d 873 (3d Cir. 1994).

WHEREFORE, Movants respectfully request the Court grant their Motion to

Intervene and permit Movants to intervene as defendants in this proceeding.

---

supervisor of elections at 7 p.m. on election day places an undue burden on the
right to vote; and (2) whether the ability of overseas voters to postmark their ballot
on election day and have their ballots counted if the ballots arrive within 10 days of
election deprives domestic vote-by-mail voters of their right to equal protection.
***Neither do***." (emphasis added).

DATED:  May 21, 2020

**SHUTTS & BOWEN LLP**

*/s/ Benjamin J. Gibson*
Daniel E. Nordby
Fla. Bar No. 14588
Benjamin J. Gibson
Fla. Bar No. 058661
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Tel: (850) 241-1717
dnordby@shutts.com
bgibson@shutts.com
mabramitis@shutts.com

**Holtzman Vogel Josefiak
Torchinsky PLLC**

Jason Torchinsky (VA 47481)
45 North Hill Drive, Suite 100
Warrenton, VA 20106
P: (540) 341-8808
F: (540) 341-8809
E: JTorchinsky@hvjt.law

*Counsel for Proposed Intervenors*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)</u>

The Movants certify that in accordance with Local Rule 7.1(B), counsel for the Movants has conferred with counsel for the Plaintiffs and the Defendants regarding this Motion. The undersigned conferred with counsel for the Plaintiffs at least 24 hours prior to filing this Motion, but counsel for Plaintiffs has not yet indicated his clients' position. Counsel for the following Defendants have indicated their client has no objection to this Motion: Governor Ron DeSantis, Secretary Laurel Lee, and the Supervisors of Elections for Broward, Collier, Indian River, Lee, Lake, Manatee, Marion, Monroe, Pasco, Hernando, Brevard, Flagler, Jefferson, Charlotte, Clay, Duval, Holmes, Leon, Martin, Osceola, Polk, St. Lucie, Gilchrist, and Highlands Counties. Counsel for the Supervisor of Elections for Hillsborough County has indicated his client takes no position on this motion. The undersigned conferred with counsel for the remaining Defendant Supervisors of Elections prior to filing this Motion, but counsel have not yet indicated their clients' positions.

**SHUTTS & BOWEN LLP**
*/s/ Benjamin J. Gibson*
Daniel E. Nordby
Fla. Bar No. 14588
Benjamin J. Gibson
Fla. Bar No. 058661
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Tel: (850) 241-1717
dnordby@shutts.com

bgibson@shutts.com
mabramitis@shutts.com
**Holtzman Vogel Josefiak**
**Torchinsky PLLC**
Jason Torchinsky (VA 47481)
45 North Hill Drive, Suite 100
Warrenton, VA 20106
P: (540) 341-8808
F: (540) 341-8809
E: JTorchinsky@hvjt.law

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

The Movants certify that the foregoing Motion and Memorandum of Law complies with Local Rule 7.1(F) because it contains 3,358 words, exclusive of the required certificates, case style, and signature blocks.

**SHUTTS & BOWEN LLP**

*/s/ Benjamin J. Gibson*
Daniel E. Nordby
Fla. Bar No. 14588
Benjamin J. Gibson
Fla. Bar No. 058661
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Tel: (850) 241-1717
dnordby@shutts.com
bgibson@shutts.com
mabramitis@shutts.com

**Holtzman Vogel Josefiak
Torchinsky PLLC**

Jason Torchinsky (VA 47481)
45 North Hill Drive, Suite 100
Warrenton, VA 20106
P: (540) 341-8808
F: (540) 341-8809
E: JTorchinsky@hvjt.law

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Benjamin J. Gibson*
Benjamin J. Gibson