**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


KIRK NIELSEN et al.,

       Plaintiffs,

                               CONSOLIDATED

v.                              CASE NO. 4:20cv236-RH-MJF

RON DESANTIS et al.,

       Defendants.

_____/


**ORDER ALLOWING INTERVENTION**


       These consolidated cases present a challenge to Florida voting procedures. The defendants are state and county officials. Five blind individuals and the Florida Council of the Blind, Inc., a not-for-profit corporation that advocates for blind members, including on issues related to voting, have moved to intervene. They assert a right to intervene under Federal Rule of Civil Procedure 24(a) and alternatively seek permissive intervention under Rule 24(b).

       Some of the defendants have filed responses in opposition. The responses preserve the same issues for all defendants.

       The proposed intervenors meet the prerequisites to permissive intervention. Whether permissive intervention should be granted is committed to the court's

discretion. *See, e.g.*, *Chiles v. Thornburgh*, 865 F.2d 1197, 1215 (11th Cir. 1989);

*League of Women Voters of Fla. v. Detzner*, 283 F.R.D. 687 (N.D. Fla. 2012).

Here, it cannot be said with assurance that the existing parties will frame the issues

so well that the proposed intervention will not assist in the proper resolution of the

case. Even good lawyers sometimes miss things. So do judges. The proposed

individual intervenors are directly affected by the challenged state procedures, and

the organization has been directly involved with these issues on behalf of its

directly affected members. The proposed intervenors might well bring perspective

that others miss or choose not to provide.

The Secretary of State says the intervenors' claims run afoul of *Pennhurst*

*State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984). There the Court

held that the Eleventh Amendment bars any claim for injunctive relief *based on*

*state law* against a state or against a state officer. The intervenors assert claims

under federal law, not state law, so *Pennhurst* does not bar the claims. To be sure,

the intervenors seek, as a remedy for the alleged violations of federal law, an order

altering procedures otherwise required by state law. But that does not implicate

*Pennhurst*. Were it otherwise, the schools might still be segregated.

Delay can be avoided through good case management. The intervenors

should expect to comply with the schedule that would be followed in their

absence—an approach consistent with the position they have taken to date.

Some of the defendants assert adhering to the schedule will force them to trial too soon—that they will need more time to address the intervenors' position. But the intervenors could file a new lawsuit today, together with a motion for a preliminary injunction. The defendants would have to respond. A new lawsuit would likely be consolidated with this one—the functional equivalent of intervention. And even if not consolidated, a new lawsuit would need to go fast.

The most efficient and fair way to resolve the issues is by allowing intervention and going forward on the existing schedule. In the unlikely event it turns out there are matters that cannot fairly be resolved on this schedule, steps can be taken as needed. But as some of the defendants note in their response to the motion to intervene, the defendants have substantial work to do in their day jobs. Pushing the litigation closer to the coming elections is not a solution.

As a matter of discretion, this order grants permissive intervention under Rule 24(b).

IT IS ORDERED:

1. The motion for leave to intervene, ECF No. 121 in Case No. 1:20cv67, is granted.

2. The intervention complaint, ECF No. 121-1 in Case No. 1:20cv67, is deemed filed as of June 10, 2020.

3. The deadline for responses to the intervention complaint is June 19, 2020.

SO ORDERED on June 10, 2020.

s/Robert L. Hinkle
United States District Judge