# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

KIRK NIELSEN et al.,

    Plaintiffs,

v.

RON DESANTIS et al.,

    Defendants.

_____/

CONSOLIDATED
CASE NO. 4:20cv236-RH-MJF

## ORDER DENYING A PRELIMINARY INJUNCTION ON ALL ISSUES BUT ONE

The plaintiffs in these consolidated actions challenge Florida voting procedures. Three sets of plaintiffs have filed separate motions for a preliminary injunction. This order denies the motions on all issues but one and provides an abbreviated explanation. A more complete explanation is unnecessary because trial is imminent. Findings of fact and conclusions of law will be announced after the trial.

### I. Governing Standard

As a prerequisite to a preliminary injunction, a plaintiff must establish a substantial likelihood of success on the merits, that the plaintiff will suffer

irreparable injury if the injunction does not issue, that the threatened injury outweighs whatever damage the proposed injunction may cause a defendant, and that the injunction will not be adverse to the public interest. *See*, *e.g.*, *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

## II. Likelihood of Success

This order addresses likelihood of success on the merits for only some of the claims and expresses no opinion on the others. The parties should draw no inference one way or the other about likely success on items not addressed in this section of this order. The ruling does not limit the evidence that may be presented or foreclose a contrary ruling at the forthcoming trial on the merits.

First, the plaintiffs are not likely to succeed on their claim that the defendants must provide postage for mailing in a ballot. The Twenty-Fourth Amendment prohibits a state from denying or abridging the right to vote in a federal election by reason of failure to pay "any poll tax or other tax." The amendment means what it says. *See Jones v. DeSantis*, No. 4:19cv300, 2020 WL 2618062 at *27-29 (N.D. Fla. May 24, 2020). Postage charged by the United States Postal Service—like the fee charged by any other courier or the bus fare for getting to the polls to vote in person—is not a tax prohibited by the Twenty-Fourth

Amendment. And the requirement to pay postage also does not violate any other federal provision.

Second, the plaintiffs have not established that they are likely to succeed on their challenge to the election-day deadline for receipt of a mailed ballot. *See VoteVets Action Fund v. Detzner*, No. 4:18-cv-524-MW/CAS (N.D. Fla. Nov. 16, 2018); *see also Friedman v. Snipes*, 345 F. Supp. 2d 1356, 1376-77 (S.D. Fla. 2004). The plaintiffs say a Supervisor of Elections should accept ballots postmarked on or before election day, even if received later at the Supervisor's office. A state could reasonably so provide; some do. But at least as shown by this record, a state could also reasonably decide, as Florida has, to require receipt on or before election day. This eliminates the problem of missing, unclear, or even altered postmarks, eliminates delay that can have adverse consequences, and eliminates the remote possibility that in an extremely close election—Florida has had some—a person who did not vote on or before election day can fill out and submit a ballot later.

Third, the Williams plaintiffs have not established likely success on some of the many items on their list of challenged provisions. *See* ECF No. 68 (also docketed in Case No. 1:20cv67 as ECF No. 108). This is so for items 1, 2, 3, 4, 5, 6, 7, 15, 17, 18, 25, 30, and 33. The Williams plaintiffs have not established likely success on items 3, 4, and 5 because the claims are unlikely to succeed on the

merits based on the existing declarations of the covid-19 emergency, and the possibility of a different emergency declaration is too speculative to constitute an injury in fact.

### III. Irreparable Harm to the Plaintiffs

The relevant time frame for analyzing irreparable harm is from now until issuance of a ruling after the July 20 trial. With one exception addressed below, the plaintiffs have failed to show that they will suffer irreparable harm during that period in the absence of a preliminary injunction. Part of the explanation is that no elections will occur during that period—with the possible exception of one local election the plaintiffs have not even mentioned—and the plaintiffs can work around the alleged registration deficiencies.

This is an alternative basis for the denial of a preliminary injunction on the claims for which, as set out in section II above, the plaintiffs have not shown likely success on the merits. This is the sole basis for the denial of a preliminary injunction on other claims. This makes it unnecessary to address the other prerequisites to a primary injunction: damage the proposed injunction may cause a defendant and the public interest.

The exception is the claim that blind individuals have a right to cast a remote secret ballot. The Grubb plaintiffs say at least 45 days will be required for the State to order and put in place the system they say is necessary to redress the denial of

this right. The defendants have not yet responded to the Grubb motion. This order expresses no opinion on any of the four prerequisites to a preliminary injunction on this claim.

## IV.  Conclusion

For these reasons,

IT IS ORDERED:

1. The Williams plaintiffs' preliminary-injunction motion, ECF No. 86, is denied in part and remains pending in part.

2. The Nielsen plaintiffs' preliminary-injunction motion, ECF No. 89, is denied.

3. The Grubb plaintiffs' preliminary-injunction motion, ECF No. 230, remains pending.

SO ORDERED on June 24, 2020.

s/Robert L. Hinkle
United States District Judge
