IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KIRK NIELSEN et al.,

    Plaintiffs,

    v.

RON DESANTIS et al.,

    Defendants.

_____/

CONSOLIDATED
CASE NO. 4:20cv236-RH-MJF

**DREAM DEFENDERS PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2), Federal Rules of Civil Procedure and N.D. Fla. Local Rule 15.1, Plaintiffs Celcio Eduardo Romero, Sheila Young, Zebra Coalition, Murray Heller, Acacia Williams, Bianca Maria Baez, Paulina Hernandez Morales, Dream Defenders, Organize Florida, and New Florida Majority Education Fund (collectively, the "Dream Defender Plaintiffs") respectfully request that the Court enter an order granting the Dream Defender Plaintiffs leave to file the Third Amended Complaint attached hereto as **Exhibit 1**, which has been narrowly revised, for the sole purpose of adding the most recently appointed members of the Florida Election Canvassing Commission ("ECC"), who will comprise at least a majority of

1

the ECC for the 2020 Primary Election and 2020 General Election. As grounds for this relief, the Dream Defender Plaintiffs state:

1. On March 16, 2020, the Dream Defender Plaintiffs filed their initial Complaint (Case No. 1:20-cv-00067-RH-GRJ, ECF No. 1) against Defendants, including Governor DeSantis, Florida Secretary of State Laurel M. Lee, and the Florida Elections Canvassing Commission ("ECC") (collectively, the "State-Level Plaintiffs").

2. The Complaint was served on, among others, Governor DeSantis's authorized agent (*see* **Ex 2**, hereto), and the ECC's authorized agent (*see* **Ex 3**, hereto). In this way, the ECC received notice of this case near its inception.

3. Pursuant to the parties' agreement in their Rule 26(f) report (ECF No. 25), and this Court's scheduling order (ECF No. 26) Plaintiffs filed their First Amended Complaint on April 20, 2020 (Case No. 1:20-cv-00067-RH-GRJ, ECF No. 35).

4. Following that amendment, the United States Court of Appeals for the Eleventh Circuit issued its decision in *Jacobson v. Lee*, No. 19-14552 (11th Cir., Apr. 29, 2020). The *Jacobson* court held both that plaintiffs lacked standing to obtain the relief requested in that case against the Florida Secretary of State and elaborated on the existing law concerning the facts an organizational plaintiff must prove to establish standing in its own right. Accordingly, Dream Defender Plaintiffs filed a

Second Amended Complaint on May 8, 2020. (ECF No. 46-47). The Second Amended Complaint named the 67 individual Florida County Supervisors of Elections and the 67 County Canvassing Commissions as defendants.

5. On June 10, 2020, the Court raised *sua sponte* the issue of whether the claims against the ECC are barred by the Eleventh Amendment. (ECF No. 222).

6. As is described in greater detail in Dream Defender Plaintiffs' Second Amended Complaint and their Combined Opposition to the Motions to Dismiss Filed by the Secretary of State and the Election Canvassing Commission (ECF 246), the ECC is necessary to this case in order to ensure that any extension to the vote by mail or cure period deadlines is compatible with deadlines for filing election results with the ECC, which deadlines the ECC may modify under certain emergency situations. *See* F.S. 112.112(4). Thus, to assure complete relief is available for all of Dream Defender Plaintiffs' claims, Dream Defender Plaintiffs hereby seek leave of the Court to file a Third Amended Complaint to add the individual ECC members, who served during the 2020 Presidential Preference Primary, and are expected to serve on the ECC, or to comprise at least a majority of the ECC, for the 2020 Primary and 2020 General Elections. (The specific ECC Commissioners for the August 2020 Primary and the 2020 General Elections have not yet been designated by the Governor.)

7. Dream Defender Plaintiffs, in their Combined Opposition to the Motions to Dismiss Filed by the Secretary of State and the Election Canvassing Commission (ECF 246) addressed the Eleventh Amendment issue raised by the Court, and gave notice to the Court that Dream Defender Plaintiffs would seek leave to amend their complaint to add the individual ECC members as defendants, if needed to address Eleventh Amendment issues.  (ECF 246, page 40, n7).[1]

8. The Dream Defender Plaintiffs do not intend by this motion or by the filing of the Third Amended Complaint to moot the motions to dismiss currently asserted against the Second Amended Complaint. Rather, the Dream Defender Plaintiffs submit that it is appropriate to resolve those motions as if asserted against the Third Amended Complaint, which shares the same substantive content as the Second Amended Complaint.

### Incorporated Memorandum Of Law

The only change proposed in this Third Amended Complaint is deleting Acacia Williams as a plaintiff, as already Ordered by this Court (ECF 73), and adding as defendants the individual members of the ECC.  Granting this motion will

---

[1] The Nielsen Plaintiffs similarly sought leave to file an amended complaint to add the individual members of the ECC as defendants, which was granted on June 24, 2020.  *See* ECF 284, 288, 292, and 329.

not prejudice the ECC members, since the ECC has already had notice of this case as a named defendant, and leave to amend complaints to add individual commission members to address Eleventh Amendment concerns is freely granted in the Eleventh Circuit. *See Brown v. Georgia Dept. of Revenue,* 881 F. 2d 1018, 1023 (11th Cir. 1989). Rather than repeat the arguments in full herein, the Dream Defender Plaintiffs hereby adopt the reasoning provided by the *Nielsen* Plaintiffs set forth in their motion for leave to file their Second Amended Complaint. *See* ECF No. 284, 288, and 292. For the reasons provided more fully therein, Dream Defendant Plaintiffs respectfully request that the Court issue an order granting Plaintiffs' motion and leave to file the Third Amended Complaint, attached hereto as Exhibit 1.

Respectfully submitted,

Dated: June 25, 2020                                    *s/ Stuart C. Naifeh*

| | |
|---|---|
| JUDITH A. BROWNE DIANIS** | JEREMY KARPATKIN |
| GILDA DANIELS* | JOCELYN WIESNER* |
| SHARION SCOTT* | FLORENCE BRYAN** |
| JESS UNGER** | WILLIAM OMOROGIEVA* |
| JENNIFER LAI-PETERSON** | JUNGHYUM BAEK* |
| Advancement Project National Office | Arnold and Porter Kaye Scholer LLP |
| 1220 L Street N.W., Suite 850 | 601 Massachusetts Ave., NW |
| Washington, D.C. 20005 | Washington, D.C. 20001-3743 |
| (202) 728-9557 | (202) 942-5000 |
| jbrowne@advancementproject.org | John.Freedman@arnoldporter.com |
| gdaniels@advancementproject.org | Jeremy.Karpatkin@arnoldporter.com |
| junger@advancementproject.org | Jocelyn.Wiesner@arnoldporter.com |
| sscott@advancementproject.org | Florence.Bryan@arnoldporter.com |
| jlaipeterson@advancementproject.org | William.Omorogieva@arnoldporter.com |
| CHIRAAG BAINS* | Junghyun.Baek@arnoldporter.com |
| Dēmos | JEFFREY A. MILLER* |
| 740 6th Street NW, 2nd Floor | Arnold and Porter Kaye Scholer LLP |
| Washington, DC 20001 | 3000 El Camino Road |
| (202) 864-2746 | Five Palo Alto Square, Suite 500 |
| cbains@demos.org | Palo Alto, CA 94306-3807 |
| STUART NAIFEH* | (650) 319-4500 |
| KATHRYN C. SADASIVAN* | Jeffrey.Miller@arnoldporter.com |
| MIRANDA GALINDO* | THOMAS BIRD** |
| EMERSON GORDON-MARVIN* | JAVIER ORTEGA* |
| Dēmos | Arnold and Porter Kaye Scholer LLP |
| 80 Broad St, 4th Floor | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 485-6055 | (212) 836-8000 |
| snaifeh@demos.org | Thomas.Bird@arnoldpoter.com |
| ksadasivan@demos.org | Javier.Ortega@arnoldporter.com |
| mgalindo@demos.org | ANDREW D. BERGMAN** |
| egordonmarvin@demos.org | Arnold and Porter Kaye Scholer LLP |

1

KIRA ROMERO-CRAFT
(FL SBN 49927)
LatinoJustice PRLDEF
523 West Colonial Drive
Orlando, Florida 32804
(321) 418-6354
kromero@latinojustice.org
FRANCISCA FAJANA*
JACKSON CHIN**
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 739-7572
ffajana@latinojustice.org
jchin@latinojustice.org

700 Louisiana Street
Suite 4000
Houston, TX 77002
(713) 576-2400
Andrew.Bergman@arnoldporter.com
JOHN ULIN**
TroyGould PC
1801 Century Park East
Suite 1600
Los Angeles, CA 90067
(310) 553-4441
julin@troygould.com

*Attorneys for Plaintiffs*

*Admitted pro hac vice*
**Application for admission pro hac vice forthcoming*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides notice to all parties, on this 19th day of June, 2020.

*s/ Stuart C. Naifeh*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Northern District of Florida Local Rule 7.1(B), the undersigned counsel has communicated in good faith with counsel for all Defendants who have appeared in the case as of June 25, 2020, and has been informed that:

- Florida Attorney General Ashley Moody opposes the motion;

- The Supervisors of Elections for Alachua, Brevard, Escambia, Flagler, Gilchrist, Gulf, Hernando, Highlands, Hillsborough, Jefferson, Madison, and Okaloosa Counties have no objection to this motion;

- The Canvassing Boards of Alachua, Escambia, Hernando, Hillsborough, and Pasco Counties have no objection to this motion; and

3

- The Supervisors of Elections for Broward, Collier, Indian River, Lake, Lee, Manatee, Marion, Pasco, and Seminole Counties take no position on this motion.

Despite their diligent efforts, Plaintiffs have been unable to ascertain the position of the remaining Defendants in this action more than twenty-four hours after attempting to meet and confer with their counsel.

Pursuant to Northern District of Florida Local Rule 7.1(F), I further certify that, according to the word count of the word processing system used to prepare this document, the foregoing Motion and Incorporated Memorandum contain 900 words.

<em>s/ Stuart C. Naifeh</em>