# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

KIRK NIELSEN et al.,

    Plaintiffs,

v.

RON DESANTIS et al.,

    Defendants.

_____/

CONSOLIDATED
CASE NO. 4:20cv236-RH-MJF

## **ORDER DENYING A PRELIMINARY INJUNCTION**

    The plaintiffs in these consolidated actions challenge Florida voting procedures. Three sets of plaintiffs filed separate motions for a preliminary injunction. A prior order denied the motions on all claims but one: that the failure to provide a method for blind individuals to prepare a remote secret ballot violates the Americans with Disabilities Act and the Rehabilitation Act of 1973. This order now denies the motions on that claim as well.

    As a prerequisite to a preliminary injunction, a plaintiff must establish a substantial likelihood of success on the merits, that the plaintiff will suffer irreparable injury if the injunction does not issue, that the threatened injury outweighs whatever damage the proposed injunction may cause a defendant, and

that the injunction will not be adverse to the public interest. *See*, *e.g.*, *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

Two sets of plaintiffs—the Williams plaintiffs and the Grubb plaintiffs—assert this secret-ballot claim. They will prevail only if there is a feasible, reliable, secure method by which blind individuals can cast a remote secret ballot. In opposing the claim, the Secretary of State has raised substantial issues about the reliability and security of one proposed method. The plaintiffs may prevail on this claim at trial—now just three weeks off—but they will suffer no irreparable harm between now and then. Requiring the defendants to act more quickly, with the attendant risk that any action would turn out to be unnecessary or even ill-advised, would be adverse to the public interest. On all voting issues, but especially on this one, the carpenter's dictum rings true: measure twice, cut once.

For these reasons,

IT IS ORDERED:

The remaining parts of the preliminary-injunction motions, ECF Nos. 86 and 230, are denied.

SO ORDERED on July 2, 2020.

            s/Robert L. Hinkle
            United States District Judge