*FINAL 7/19/20*

**RESOLUTION OF CLAIMS AND AFFIRMATION OF PRINCIPLES FOR NOVEMBER 2020 GENERAL ELECTION**

**WHEREAS,** the Parties believe that a free and fair election remains vital to the well-being of our Republic;

**WHEREAS,** the Parties believe that the accessibility and integrity of an election are equally important;

**WHEREAS**, the Parties seek to avoid litigation whenever possible;

**WHEREAS**, on June 17, 2020, Governor DeSantis issued Executive Order 20-149 concerning the Primary and General Elections in 2020;

**WHEREAS**, section 1 of Executive Order 20-149 suspends the application of section 101.68(2)(a) of the Florida Statutes to the extent that provision prohibits the canvassing of vote-by-mail ballots earlier than 7am on the 22nd day before the election;

**WHEREAS**, section 1 of Executive Order 20-149 has the effect of allowing the canvassing of vote-by-mail ballots upon the completion of logic and accuracy testing of tabulation machines and equipment under section 101.5612(2) of the Florida Statutes;

**WHEREAS**, section 2 of Chapter 2020-109 of the Laws of Florida amends section 101.5612(2) of the Florida Statutes to allow for logic and accuracy testing 25 days prior to the commencement of early voting instead of 10 days prior the commencement of early voting;

**WHEREAS**, section 2 of Chapter 2020-109 became effective on June 27, 2020; and

**WHEREAS**, the Parties seek to supplement the work already being done by the Secretary of State and other election officials throughout the State.

**NOW, THEREFORE, THE PARTIES** agree as follows:

1. The Secretary of State ("Secretary") shall hold at least one workshop with the State's Supervisors of Elections ("Supervisors") before the November 2020 General Election to:

   a. Educate the Supervisors on the use of pre-paid postage for vote-by-mail ballots, encouraging them to work with the U.S. Postal Service on the use of first-class mail for the delivery and return of vote-by-mail ballots, and encouraging the Supervisors to use intelligent mail bar codes to track their vote-by-mail ballots;
   b. Educate the Supervisors on the use of Coronavirus Aid, Relief, and Economic Security ("CARES") Act funds for pre-paid postage and voter accessibility issues;
   c. Educate the Supervisors on the use of CARES Act funds (and other available resources) to better comply with the Centers for Disease Control and Prevention's ("CDC") recommendations for election polling locations;

d. Educate the Supervisors on the acquisition and use of any new voter accessibility technologies approved or conditionally approved by the Secretary, organizing with the Supervisors and funding strategic tests of available accessibility technology for the August 18, 2020 Primary;
e. Encourage the Supervisors to maximize the use of drop boxes for vote-by-mail ballots consistent with Florida law;
f. Encourage the Supervisors to inform voters about the availability of drop boxes for vote-by-mail ballots;
g. Encourage the Supervisors to use their websites and other platforms to make vote-by-mail ballots request forms and ballots themselves available in Spanish; and
h. Encourage the Supervisors to use the maximum number of early voting days available to them so, under Executive Order 20-149, they can avail themselves of additional canvassing days and maximize the availability of mandatory drop boxes for vote-by-mail ballots.

The workshop(s) conducted under paragraph 1 shall comply with the requirements of Rule 28-102.001 of the Florida Administrative Code, i.e., the time and place of any workshop(s) shall be noticed.

2. The Secretary shall develop a one-page document for use by Supervisors in counties without pre-paid postage. Using CARES Act funding, or other resources available to them, the affected Supervisors can use the one-page document to inform voters that if the voters cannot afford return postage for their ballots, then they can return the vote-by-mail ballot at drop boxes the Supervisor maintains or at the Supervisor's Office. The one-page document shall also direct voters to call their Supervisor for additional return options. Consistent with U.S. Postal Service Policy, the Secretary shall direct Supervisors to instruct voters who call seeking additional delivery options as follows: (a) If you cannot afford a stamp, then you can still place your vote-by-mail ballot in the mail for delivery because the U.S. Postal Service treats such ballots as first class mail. (b) If you do not feel confident that your vote-by-mail ballot will arrive at the Supervisor's Office before 7pm on Election Day, then you can drop off your ballot at the Supervisor's Office (or at an available drop box location).

3. Before the November 2020 General Election, the Secretary shall undertake a social media or other public relation campaign to inform voters of the three available options to vote in Florida: (1) vote-by-mail, (2) early in-person voting, and (3) in-person Election Day voting. The campaign shall include messaging on the Secretary's website sharing best practices for voters to follow for vote-by-mail (e.g., mailing a ballot with sufficient time for it to reach the Supervisor) and in-person voting (e.g., following CDC recommendations). The campaign shall also highlight safeguards designed to protect the integrity of Florida elections. The Secretary shall undertake efforts to promote voting options to college-age voters, communities of color, and seniors (e.g., those in senior living facilities, nursing homes, and assisted living facilities) in the formats available to her (e.g., Zoom, social media, or in-person). The campaign shall be consistent with the State's obligations under section 203 of the Voting Rights Act.

4. Consistent with her obligations under the multistate partnership called Electronic Registration Information Center ("ERIC"), the Secretary commits to contacting eligible but un-

registered Floridians through the ERIC postcard. The Secretary's outreach through the ERIC postcard shall invite these Floridians to register to vote and inform them of the available methods of voting in Florida. The postcards shall comply with the State's obligations under section 203 of the Voting Rights Act.

5. The Secretary shall consider in good faith improvements to the State's On-line Voter Registration System during the two available maintenance windows before the November 2020 General Elections. These efforts shall remain mindful of the technological constraints on the system and the need to minimize any downtime for the system before the November 2020 General Election. After the November 2020 General Election, but before December 31, 2021, the Secretary shall hold a workshop to solicit ideas and information intended to improve the system. The workshop(s) conducted under this paragraph shall comply with the requirements of Rule 28-102.001 of the Florida Administrative Code, i.e., the time and place of any workshop(s) shall be noticed.

6. Before the November 2020 General Election, the Secretary shall organize a tabletop exercise to discuss scenarios she believes merit discussion. The exercise shall include state and local elections officials, a representative from both major political parties, law enforcement partners, and other officials (such as emergency management personnel) whose input the Secretary believes would benefit the group. The goal of the exercise shall be to identify and then share best management practices with elections officials statewide.

7. Within 3 days of the execution of this document, the Plaintiffs in *Nielsen v. DeSantis*, Case No. 4:20-cv-236-RH and *Dream Defenders v. DeSantis*, Case No. 1:20-cv-67-RH shall dismiss their claims with prejudice with the exception of claim 14 in the *Dream Defender* Plaintiffs' more definite statement (ECF No. 108, Case No. 1:20-cv-67-RH). The *Dream Defender* Plaintiffs shall dismiss claim 14 with prejudice as to the State-level Defendants within 3 days of the execution of this document; they shall dismiss claim 14 without prejudice within 3 days of the execution of this document as to the other Defendants. The Plaintiffs' failure to take the actions required under this section 7 will serve to invalidate this agreement.

8. All Parties are responsible for their own attorney's fees and costs.

*Dated: July 19, 2020*

*List of Signatories Follows*

***

**For the Nielsen Plaintiffs**

*/s/ John Devaney*
John Devaney
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 800
Washington, DC 20005-3960
(202) 654-6200 devaney@perkinscoie.com

**For the Dream Defenders Plaintiffs**

*/s/ Stuart C. Naifeh*
Stuart C. Naifeh
DEMOS
80 Broad St, 4th Floor
New York, NY 10004
(212) 485-6055
snaifeh@demos.org

**For State Defendants**
**(Secretary of State, Attorney General,**
**and Members of Florida Election**
**Canvassing Commission)**

*/s/ Bradley R. McVay*
Bradley R. McVay (FBN 79034)
General Counsel, Florida Department of State
500 South Bronough Street,
Tallahassee, FL 32399
(850) 245-6536
brad.mcvay@dos.myflorida.com

*/s/ Jeffrey DeSousa*
Jeffrey Paul DeSousa
Florida Bar No. 110951
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
Jeffrey.desousa@myfloridalegal.com

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
HOPPING GREEN AND SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, FL 32301

(850) 222-7500
mjazil@hgslaw.com

**For Republican Party Defendant Intervenors**

s/ *Benjamin J. Gibson*__________
Benjamin J. Gibson
SHUTTS AND BOWEN, LLP
Fla. Bar No. 058661
215 South Monroe Street, Suite 804
Tallahassee, FL 32301
(850) 241-1717
bgibson@shutts.com

*/s/ Jason Torchinsky*______________
Jason Torchinsky
HOLTZMAN VOGEL JOSEFIAK TORCHINSKY, PLLC
2300 N. Street N.W., Suite 643A
Washington, D.C. 20037
(202) 737-8808
jtorchinsky@hvjt.law